**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jesse M. McDONNEL,**
**Defendant-Appellant.**

No. 76–3794
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 14, 1977.

Rehearing Denied May 24, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Philip I. Palmer, Jr., Dallas, Tex., for defendant-appellant.

Michael P. Carnes, U. S. Atty., Judith A. Shepherd, Scott L. Campbell, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant and Joseph Pao were charged with twelve counts of mail fraud. Pao pleaded guilty and received a sentence of three years. He did not testify at appellant's trial. McDonnel was found guilty on all counts and was sentenced to a total of ten years.

McDonnel and Pao operated a partnership known as Southwest Coin Company which engaged in the business of selling bags of silver coins. Customers bought on margin, made a down payment, and were charged interest and storage charges for the coins. The investors testified that they understood that a bag of coins had been purchased in their names, tagged, and stored in a vault. At the time of the termination of the business, less than nine full bags of coins were found, though 998 had been purchased. None of the bags were tagged. McDonnel contended that the business had been operated like a bank, with only a small percentage of the silver on hand to meet the daily demands. The majority of investor's money was used to speculate in the silver commodities market. When the market was cornered, the business failed.

At trial the trustee of appellant's bankruptcy was called by the prosecution. Mr. Tygrett testified as to the number of creditors, the assets on hand, the types of records kept, etc. He stated that he would object to appellant's discharge in bankruptcy due to unaccounted for assets. On cross-examination, appellant's attorney questioned the trustee about his dealings with the U. S. Attorney's Office and the postal inspectors. Tygrett testified that he answered their questions based on his investigation of the bankrupt, *but with the exception of the information gotten from the examination of McDonnel and Pao under derivative use immunity.* No objection was offered to the trustee's testimony, but appellant argues for the first time on appeal that the provisions of 11 U.S.C. § 25(a) were violated by the trustee's testimony.

The other asserted error on appeal is that the court erred in permitting the investors to testify as to the representations made to them by appellant and his salesmen and brokers. Most of this testimony was to the effect of tagging and storing the bags of silver. At the time this testimony was given, the court instructed the jury on the co-conspirator exception to the hearsay rule and the purpose for which the testimony was admitted.

11 U.S.C. § 25(a)(1) provides that the bankrupt must submit to an examination concerning the conduct of his business, dealings with his creditors, etc., "but no testimony, or any evidence which is directly or indirectly derived from such testimony, given by him shall be offered in evidence against him in any criminal proceeding . . . ." It is argued that this rule was violated when the trustee testified for the prosecution at his trial. There was no objection to the trustee's testimony. The trustee stated that his testimony was based on his investigation, not including the immunized testimony of Pao and McDonnel.

In *United States v. Seiffert,* 5 Cir. 1974, 501 F.2d 974, we reviewed this provision dealing with derivative use immunity for bankrupts. There objection was raised at trial. The case was remanded for a hearing as to the independent source of the evidence. Here the trustee testified as to the records in his keeping, the inventory of the assets, number of creditors, etc. It was only on cross that appellant sought to establish the trustee's cooperation with the government. The trustee stated his answers had been based on that part of his investigation separate from the objected-to

testimony, that it was based on other sources.

 In *Seiffert* we held that the government need only prove the independence or its sources by a preponderance of the evidence. Tygrett's testimony deals with objective facts and records. None of the government's exhibits were objected to. Appellant alleges that his immunity was somehow breached, but does not give any specific example of same. Under these circumstances, the government has sustained its burden of proof. Appellant has not demonstrated that the immunity was breached, or that plain error was committed since he is now objecting to the trustee's testimony for the first time on appeal. F.R.Cr.P. Rule 52(b).

The other contention is that the trial court erred in admitting the testimony of the defrauded investors as to the representations made to them by appellant and others employed by Southwest Coin as to the method of operation and how the coins were being handled. The evidence was admitted and the jury was instructed about the co-conspirator exception to the hearsay rule. Appellant argues this rule was inapplicable since no conspiracy was charged in the indictment.

 Appellant misses the point. The government introduced the statements not to prove the truth of the matter asserted. On the contrary, the point was to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false. The hearsay rule does not apply. *See Anderson v. United States*, 417 U.S. 211, 219–220, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974). The instruction here, though superfluous, was correct and has been repeatedly approved by us. *See United States v. Apollo*, 5 Cir. 1973, 476 F.2d 156, 162–164.

Appellant's objections about the trustee's testimony and the admission of hearsay evidence are without merit.

The Judgment of the District Court is AFFIRMED.